May it please the Court, Sidney Foster for the Commissioner of the Social Security Administration. I'd like to reserve three minutes of my time for rebuttal, if that's possible, please. The District Court here erred in awarding Social Security disability benefits to plaintiffs without ever actually finding that he was disabled. Counsel, I want to kind of tell you the issue that bothers me in this case. Let's assume that you're right. It appears that what the District Court did was essentially to express frustration or punishment that the remand order hadn't been followed and should have then analyzed whether the person was disabled. And it seems that neither party is recommending what seems like a potentially obvious solution to that, which is to send it back to the District Court to do it right. Why isn't that the right answer? This certainly could send it back to the District Court to consider the other merits contentions that plaintiffs pressed before the District Court. However, given the error that the District Court found here, the primary error was a failure to obtain the medical source statements. Inherent in that error is the conclusion that further administrative proceedings would be appropriate here, that the records that was before the ALJ simply was not as complete as it could be and that in order to make a proper determination in this case, more information was necessary. But isn't the District Court in the best position to make that judgment after the District Court credits as true certain or all of the evidence in the record that would support disability? The District Court would be in a good position to make that determination, but here the District Court didn't credit as true any particular testimony. Shouldn't the District Court have gone through that analysis? Should the District Court have gone through the analysis? Yes, if the District Court was going to award benefits as it did here, then it needed to find that the prerequisites of the credit as true rule were present here. And it first needed to find that the ALJ improperly rejected certain evidence, and it didn't find that here. And then it needed to find that there were no outstanding issues in the case. Here, clearly there were. Based on its finding, it found that there wasn't enough evidence, that the record needed further development. And then thirdly, yes, then the District Court would have needed to determine whether or not the record compelled a conclusion of disability if the improperly rejected evidence were credited. But here there was no finding that there was any evidence that was improperly rejected, so we don't even get to that third step of trying to figure out whether or not the record here compels a conclusion of disability. This Court, when it has faced similar errors as the error that the ALJ committed here, the error, the primary error, of course, being the failure to obtain medical source statements, has remanded for further proceedings. For example, when this Court has found that an ALJ erred in failing to fully develop the record, cases like Celia and Tona Patjen, then this Court has remanded for further administrative proceedings, a result that makes sense given the nature of the error at issue. But there are two layers of error, and I guess that's what's confusing or different about this case, because you're saying, well, the ALJ made a mistake, and that's true enough. But also the district court made a mistake, and that's kind of the more recent mistake, if you will. So that's why I asked the question I asked, whether we're not leaping over something that we ought not leap over by sending it all the way back, even if that ultimately is the right answer. That's right, and this Court certainly could send it back to the district court. I think just simply because the primary error that the district court found was this failure to obtain medical source statements, that because of that, I think it makes the most sense to send it back to the ALJ in order to obtain those medical source statements. That was basically a conclusion. Well, that's because you want another bite at the apple. It's not another bite at the apple. It's, you know, the Social Security Administration's, you know, trying to get it right here. You know, the district court found that it didn't collect enough evidence in order to do that. And so further proceedings would be appropriate here. Certainly if this Court would, you know, wishes instead to remand to the district court to consider the other five grounds that the plaintiff pressed before that Court that were substantive in nature for reversing that decision, that would be fine, too. But we think that given the nature of the error here, further proceedings before the ALJ would be appropriate. Along the lines of the Commissioner getting it right, and it has nothing to do with the merits of this case, but would the Commissioner be amenable to the assistance of our mediation unit? I say that because one of the complaints about the Social Security system that's often raised is it just takes too long. And here we have a claimant that filed a claim in 2003. We send it back now. If we go all the way through the procedure again, we'll get it back in 2014. And that's a long time to have a resolution of benefits. That's right. It was the question whether we would be amenable to some kind of mediation. I mean, the agency is always amenable to trying to work things out kind of on an informal basis in a settlement. So we certainly would be. I would note we don't need to hear whether you think it's right or wrong or what the positions are. So I'm just asking. Right. No, the agency certainly does sometimes enter into such agreements in appropriate cases. I would note that under the agency's standard operating procedures, the Commissioner's handbook on hearings and appeals and litigation, the HALEX manual, that court remand orders do get priority over other cases and actually second remands from the appeals council, as would be the case here, also get priority processing in terms of to the extent that there are time considerations. And I can give you the site for that. Right. This is on the ALJ level, right? You're talking about the ALJ level. Right, right, right. ALJs are required to put remanded cases or give remanded cases priority. That's right. That's right. Exactly. If I could, I'd like to reserve the remainder of my time for rebuttal. I am David Lowery, appearing for the disabled claimant. I should point out that in the ALJ decision denying benefits, the boilerplate on that decision says that you can appeal by sending assignments of error to the appeals council within 30 days. The appeals council itself has 60 days to decide whether they want to review this, and after that, you can file in Federal court. The appeals council did not decide to review this. Having elected not to have further administrative review of the decision, they decided to take their chances in Federal court. And just as having prevailed, they have decided to appeal. What we need in this case out of this court is a published decision in which you cite, quote, the district court of Washington from footnote 7, page 32 of my brief, telling administrative law judges that if you want to be insubordinate and refuse to obey orders, this is the way it's going to be. Thank you. It might be. I think we have a few questions. I think that I can understand why district courts have wanted you, but how is that justified under the statute and regulations? How can we award disability benefits as a sanction when there's no finding of disability? Well, the way the district court decision was organized, it was working toward the ultimate conclusion the court had reached. But the court had noted that the evidence from the claimant, the witnesses, and Dr. Conatly, all credited as true, established disability. He didn't go through a separate analysis beyond that. Well, that's the problem is there's a missing piece of the analysis. Had the district court done that, we might very well say, well, there's nothing wrong with that. But the district court didn't do a required step of the analysis, it appears to me. Well, I think it's necessarily implied, whether it's written out as one might like it or not, that you wouldn't get the result you got if that hadn't been part of the decision-making process. If you wanted to send it back to the district court to redo the decision, you could do that, but that would be more work for what purpose? To determine whether there's a finding of disability in the record. Well, yeah. The purpose would be basically cosmetic in a legalistic sense. Perhaps. But let's assume for the sake of argument that there is a finding of no disability, but benefits are awarded as a sanction. Do you think that's legally permissible? Well, probably not. But there's been no such finding by the district court. And the thrust of the decision is that we've got this disabled claimant, and the administration has had two chances to do it right, three if you consider appeals counsel review that they could have taken. At some point, you don't have the right to litigate forever. At some point, the claimant gets to win, even by default. Otherwise, why, the government can litigate forever. They just can keep doing it wrong and prevent somebody from having benefits. That's hardly correct either. I think we have your argument in hand. Any further questions from the panel? Thank you, counsel. Thank you. Your Honor, I just wanted to add one point, which is that this Court's precedent applying the credit as true rule embodies principles of administrative law and principles from the Social Security Act that also govern here and that mandate reversal of the district court in this case. The Social Security Act permits the award of disability benefits only after a finding that a plaintiff is actually disabled, not on the basis of an ALJ's noncompliance with a remand order. Do you think there are any remedies if the agency continues to ignore the remand orders? What is the appropriate remedy? What is the appropriate remedy? Well, there's two things to say. One is that the district court could be considering this case or, you know, if it goes back on remand and then it's appealed again, could consider the case on the merits and end the case that way. The district court here chose to reverse on these procedural grounds, and there's just simply no way for the district court to award benefits when it reverses. I guess I was speaking, painting on a broader canvas. I mean, we do see a few cases, not many, but we see a few cases in which district courts return cases to the commissioner or the ALJ and it goes back two or three or four times and comes back up. Is there no non-statutory remedy that the district court has? I think we should keep in mind that those cases are exceedingly rare. There are a number of cases that the Social Security Administration processes, and those cases are rare. I will note that there are certain protections built into the agency's practice to try and ward against that, one of which is that a standard practice in the agency for a case to be reassigned to a different ALJ on a second remand. So if this case, when it goes back to the agency, will be assigned to a different ALJ, that helps a little bit to mitigate against any concerns that there's some kind of ALJ intransigence. There's also, you know, if there's a concern that an ALJ is biased or is dead set against a particular claimant, there are claims that a claimant can press in the district court to try and have the case reassigned. Right. If I might interrupt for a second. Sure. I think I was asking a slightly different question, which is, you know, in the ordinary civil case, if the parties breach their discovery obligations to the point of nondisclosure, that there are a number of sanctions available to the district court, including the ultimate sanction of an award of judgment following the proper procedure. Do you think those remedies are available in the administrative process? I think they're not because of the principles of administrative law and the Social Security Act that govern here that provide that the agency here is the fact finder and that reversal is merited only if there's not substantial evidence in the record to support an agency decision. So those cases are very different. In the rare case where a case has gone back to the agency on a number of occasions and even the reassignment to a new ALJ hasn't resulted in a final decision, then that would be a different case for this court to consider and could present difficult questions. But the fact is that the statute simply doesn't authorize a court to award benefits on the basis of procedural errors like this. There has to be a finding of disability, and there was no finding of disability in this case at all. The court didn't even consider the case on the merits in any respect whatsoever. So at a minimum, this court should remand to the district court in order for it to consider the substantive claims that the plaintiff pressed below but didn't reach, though we believe that the case should go back to the ALJ so that the ALJ can supplement the record, the new ALJ, of course. The ALJ can supplement the record and then make a new finding based on an enhanced record. Thank you, counsel. Thank you. Any further questions? Thank you very much for your arguments. Thank you, Ms. Foster. Thank you. Mr. Lowery, your case will be submitted for decision. Thank you. The next case on the oral argument calendar is Babadea v. Bear Creek Orchards. Counsel, you may proceed.
judges: Selna, Thomas, Graber